IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                              CRIMINAL NO. 3:13CR40-HTW-LRA

LARRY W. LUSTER

### MOTION TO SUPPRESS ALL INCRIMINATING EVIDENCE

*** HEARING REQUESTED ***

Comes now Defendant Larry Luster and files this Motion to Suppress All Incriminating Evidence. A hearing on this Motion is requested. In support of this Motion, Mr. Luster presents the following:

In April of this year, the United States Supreme Court rendered a decision in *Rodriguez v. United States*, 135 S.Ct. 1609 (2015). The issue in *Rodriguez* is "whether the Fourth Amendment tolerates a dog sniff conducted after completion of a traffic stop." *Id.* At 1612. Answering this question, the Court held:

> [A] police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures. A seizure justified only by a police-observed traffic violation, therefore, "become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission" of issuing a ticket for the violation"

*Id.* (citing *Illinois v. Caballes*, 543 U.S. 405, 407 (2005)).  An exception to this rule is when officers develop reasonable suspicion of other criminal activity after the inception of the traffic stop.  *Id.* at 1614-15.  If such reasonable suspicion is uncovered, then the traffic stop may be extended to conduct a K-9 sniff search if the basis of the suspicion justifies the search.  *Id.*

In the subject case, discovery provided by the prosecution indicates that Trooper Stewart with the Mississippi Highway Patrol pulled Mr. Luster over for speeding.  Mr. Luster produced his driver's license, which the officer later determined was suspended.  The officer then placed Mr. Luster into custody, presumptively driving with a suspended license.  During the license check, Trooper Steward determined that Mr. Luster had a prior felony conviction, but the Report of Investigation provided by the prosecution indicates <u>*no reasonable suspicion of illegal activity uncovered by the trooper up to this point*</u>.  Nevertheless, Trooper Steward called in two other troopers – Ginn and Wall – to report to the scene with their drug detection K-9.

After all three troopers were finally at the scene of the traffic stop, it is undisputed that Mr. Luster refused their request to search his vehicle.  After his refusal, Trooper Wall walked his K-9 around Mr. Luster's vehicle, and the K-9 purportedly alerted to the presence of drugs.  The troopers then conducted a non-consensual search of the vehicle, and found no drugs at all.  They did, however,

find two firearms.  As a result, the prosecution filed the subject Indictment charging Mr. Luster with felon in possession of a firearm.

To determine whether the above stated facts violated Mr. Luster's constitutional rights under the *Rodriguez* opinion, the defense reviewed a video of the traffic stop.  The video was taken by equipment mounted in Trooper Stewart's patrol car.  The bottom of the video has a time counter that we can use to determine the duration of the stop and when particular events occurred during the stop.  However, even though the time counter indicates that the traffic stop lasted over three hours, the video ends at approximately 49 minutes and 22 seconds.

A review of the video indicates that Mr. Luster was pulled over at approximately 3 minutes and 40 seconds on the time counter.  He remained in his vehicle until approximately 30 minutes and 35 seconds on the time counter.  At approximately 31 minutes, a second officer appears on the video, but no drug detection K-9 is seen.  At 41 minutes and 55 seconds, an officer handcuffs Mr. Luster.  At 49 minutes and 22 seconds, the video ends.

No drug detection K-9 ever appears on the video.  In order to determine how long it took for the K-9 unit to arrive, the Office of the Federal Public Defender is in the process of subpoenaing the video directly from the Mississippi Highway Patrol.  Nevertheless, we know that the drug detection K-9 did not arrive until after 49 minutes and 22 seconds into the video, which is 45 minutes and 42 seconds

after initiation of the traffic stop (49 minutes and 22 seconds less 3 minutes and 40 seconds).

Based on the facts of this case, as well as a video recording of the traffic stop that can be viewed by the Court at the hearing on this matter, it is apparent that calling in Troopers Ginn and Wall to conduct a K-9 sniff search prolonged the traffic stop longer than it would have taken to issue a traffic citation.  It simply should not take over 45 minutes to issue a traffic citation.

Further, the discovery provided to the defense indicates that Trooper Stewart developed no probable cause of illegal activity between the inception of the traffic stop and the time of the K-9 sniff search.  Therefore, under the Supreme Court's holdings in *Rodriguez*, the subject K-9 sniff search was unconstitutional and all incriminating evidence uncovered as a result of the search must be suppressed.

WHEREFORE, Mr. Luster respectfully asks this Court to conduct a suppression hearing, and to grant this Motion to Suppress All Incriminating Evidence.

Respectfully submitted, this the 14th day of September, 2015.

*/s/ S. Dennis Joiner*
**S. DENNIS JOINER** (MB # 3176)
Federal Public Defender
N. and S. Districts of Mississippi
200 S. Lamar St., Suite 200 North
Jackson, Mississippi 39201
Telephone: (601)948-4284
Facsimile: (601)948-5510
Email:  dennis_joiner@fd.org

Attorney for Defendant

# CERTIFICATE OF SERVICE

I, S. Dennis Joiner, certify that on September 14, 2015, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

*/s/ S. Dennis Joiner*
**S. DENNIS JOINER**